Aaron W. Tullis, et als., Appellants, against Frederick Orthwein, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Under the Statute relating to exemptions from sale on execution. (Stat. of Minn., p. 571,) the officer holding an execution has the right to levy upon property exempt from execution, and consequently to take the same into his possession. His possession is therefore lawful, and his next duty is to make an inventory thereof, and then have it appraised. After appraisal the Defendant may select articles to the amount exempt by law. The officer has a reasonable time within which to discharge his duties, and until this is done, the Defendant has no right to make his selection. The question as to whether the officer unreasonably neglects to discharge his duty in making the inventory and appraisement, is a question of fact, to be determined by the evidence.

The complaint must state a good cause of action, and cannot be helped by the reply.

Points and authorities of Appellant:

I.—The taking by the Sheriff was lawful, for under Secs. 103 and 104, page 571, of the Compiled Statutes, a Sheriff making a levy upon property of that class or species has the right to take possession of and keep the property certainly for a reasonable time, in order to make an inventory of the whole of the property, and to cause the same to be appraised, and the articles to be exempted selected by the judgment debtor.

II.—The taking being lawful, the possession was so unless the Defendant in the execution, subsequently acquired the right to demand the delivery of these specific articles.

How he might acquire that right is prescribed by secs. 103 and 104 above.

III.—Though the Sheriff might become liable to an action for selling the whole of the chattels without complying with the provisions of those sections, or perhaps by delaying beyond a reasonable time to make the inventory and appraisement, the action of replevin would not lie, for in that action the Plaintiff must be entitled to the possession of the specific articles, and this Plaintiff was not entitled to any specific articles of those levied on until they were fixed and ascertained pursuant to secs. 103 and 104.

IV.—The Plaintiff was estopped to claim those chattels, or any of them as exempt, because the judgment was confessed for the purpose of enabling the Plaintiffs in it to collect the debts out of these very chattels. That was a waiver of his exemption, upon which the Defendants acted in making the levy.

Points and Authorities of Respondent.

An action of replevin under our statute may be maintained whenever any property belonging to the party bringing the action, or to which he has the legal right of possession, has been unlawfully taken from him; or the possession of the same taken and unlawfully held by another.

II.—The confessing of a judgment by one party in favor of another, with a tacit understanding between the two, that certain property may be levied upon, by virtue of the execu-

tion to be issued on said judgment, will not waive the rights conferred by law upon the judgment debtor, to hold said property, or some portion of the same, exempt from levy and sale on execution. There was no consideration for the pretended waiver in this case. *Comp. Stats., pages* 569, *sec.* 9, 571, *secs.* 103–4.

J. & C. D. GILFILLAN, Counsel for Appellants.

SANBORN & LUND, Counsel for Respondent.

*By the Court.*—ATWATER, J.—This was an action of replevin, for the recovery of certain printing materials, of which Plaintiff claimed the right of possession and alleged that the Defendants wrongfully detained the same. The Defendants, (who were the Sheriff and deputy Sheriff of Ramsey County) justified the taking under a judgment and execution against Orthwein. The cause was referred to W. Wilkin, Esq., who reported in favor of the Plaintiff, upon which report judgment was entered for a return of the property, or the value. From this judgment the Defendants appeal to this Court.

No question is made as to the regularity of the judgment and execution under which the property was seized. It appears that the Plaintiff based his claim to the property under the exemption law, and the referee has found that the materials named in the complaint, were used by the Plaintiff in publishing a German newspaper in St. Paul, and were necessary for that purpose. The whole stock seized by Defendant was found to be of the value of $1,860, and the value of the materials claimed by Plaintiff $230 50–100. From the report of the referee it appears that the property was seized by the Sheriff on the 8th of November, 1856, and that at the time of making the levy the Plaintiff claimed a right to a portion of said goods and chattels, and forbid the deputy Sheriff to take them all away, and on the 10th day of November, 1856, the Plaintiff demanded of the Defendants the possession of the goods named in the complaint, which was refused. No other demand was alleged or proved.

*Section* 103 *on p.* 571 *Comp. Stat.* provides that "when a levy shall be made upon property of any class or species

which is by law exempt from execution to a specified amount
or value, the officer levying the execution may make an
inventory of the whole of such property, and cause the same
to be appraised at its cash value, by two disinterested free-
holders of the precinct where the property may be, on oath
to be administered by him to such appraisers." And by the
next succeeding section it is provided, that "such inventory
being completed, the Defendant in the execution or his author-
ized agent, may select from such inventory an amount of
such property, not exceeding according to such appraisal, the
amount or value exempted by law from execution; but if
neither such Defendant nor his agent shall appear and make
such selection, the officer shall make the same."

It will be observed from this statute, that the officer holding
an execution has the right to levy upon property exempt
from execution, and consequently, to take the same into his
possession.  His possession is therefore lawful, and can only
become wrongful, by doing some act not authorized, or a
failure to discharge some duty enjoined by Statute. After
taking possession of the property, his next duty is to make
an inventory thereof, and then to have it appraised. After
appraisal, the Defendant may select articles to the amount
exempt by law.  No time is specified within which the in-
ventory and appraisal are to be made, but the officer has
undoubtebly a reasonable time within which to discharge the
duty.  And until this is done, the Defendant has no right to
make his selection.

It appears from the report of the referee, that the Sheriff
levied upon, and took possession of the property of the
Plaintiff on Saturday the 8th day of November, 1856.   On
the Monday following, the Plaintiff demanded the articles
mentioned in the complaint.  From the nature of the stock
seized by the Sheriff, and from the number enumerated
in the complaint, which constituted but a small part
of the whole value, it would appear that there must have
been a large number of articles taken upon execution, and
that the preparation of the inventory m ust have necessarily
required considerable time.  It is not alleged that at the
time of the demand, the inventory and appraisement had

been made, nor any allegation that the officer had wilfully or unreasonably neglected to proceed in the discharge of his duty in this behalf.   It is indeed, by no means certain, that had such allegation been made, and found true, it would justify the Plaintiff in making a selection before appraisement, since there is no provision of statute authorizing such proceeding.   But waiving that question, in order to sustain this action the Court must decide as a matter of law, that the Defendant acted wrongfully in refusing to deliver this property to the Plaintiff when demanded by him on the 10th of November.   In view of the requirements of the Statute, and the facts stated in the pleadings and report, we are clearly of opinion that such a conclusion would be wholly unauthorized. In seeking to hold the Defendant liable in an action in the nature of a tort, the Plaintiff must make out his case—must show a *wrongful* detention.   In this case, whether the officer unreasonably neglected to discharge his duty in making the inventory and appraisement, would be a question of fact to be determined by the evidence.   If, (as might be consistent with the pleadings and report,) the possession of the property was taken by the Sheriff on Saturday night, and the demand made by the Plaintiff on the following Monday morning, it surely could not be claimed that the officer was in fault in not having his inventory and appraisement completed.   If on the contrary, the levy was made on the morning of the 8th, and the demand made on the 10th, there might perhaps have been neglect on the part of the officer, for which he would be liable in some form to the Plaintiff.   But as the case is presented to this Court, there is no evidence showing any wrongful detention.

It is true the reply alleges, "that after said goods and articles were levied upon as alleged in Defendant's answer, and before this suit was commenced, a long time to wit, ten days, elapsed, and that said Defendants neglected and refused to select or deliver any portion of said articles and property to the Plaintiff, and have refused to deliver up any portion of the same to the Plaintiff, although often requested."   But the complaint itself must state a good cause of action, and cannot be helped out by the reply.   And even if proof could

47

be made in support of these allegations, in this case it does not appear from the report of the referee, that they are sustained, as there is no other demand proved save that of the 10th of November.

The judgment below must be reversed and a new trial granted.