FREDERICK HOWLAND, Appellant, *vs.* JOSIAH S. FULLER, Respondent.

APPEAL FROM THE DISTRICT COURT OF RICE COUNTY.

The declarations of a grantor of property, made subsequent to the sale, and disconnected with it, cannot be received to invalidate the title of the grantee.

The Plaintiff in replevin claimed the property (a span of horses) by purchase from B. The Defendant justified as sheriff under an execution against B, whose property he alleged the horses to be. The Plaintiff requested the Court to charge, that if the jury found B owned the horses at the time of the levy, then they were exempt from sale on execution, and the defence must fail on that ground. *Held*, there was no error in the refusal of the Court so to charge.

The Plaintiff must prove his own title as alleged in his complaint, and cannot sustain himself by proving title in another party. The exemption given by statute is a personal right and privilege given to the debtor, and if claimed by him must be asserted and maintained in legal form, and cannot be claimed for him by another.

The answer alleged the Plaintiff's claim for property was through and by a pretended and fraudulent sale from B. There was a reply denying fraud. Much evidence was introduced without objection on both sides, touching the question of fraud. *Held*, that, under these circumstances, the Court correctly charged that fraud in the Plaintiff's purchase was sufficiently pleaded in the Defendant's answer.

## Points and Authorities of Appellant.

I.—The Judge erred in receiving against Plaintiff's objection evidence of the declarations of Charles M. Babcock, the execution debtor, under whom the Defendant justified as sheriff of the county (see the evidence of George Douglass and Thomas Bradway.)

1st. Such declarations having been made by the vendor subsequent to the sale and transfer to the Plaintiff. 14 *Mass. R.,.* 245; 4 *Minn. R.*, 211; 5 *Minn. R.*, 133-4, *Derby & Day vs. Gallup.*

2d. And these declarations, thus erroneously admitted, were rendered eminently material by instructions to the jury that they were to take into consideration all that was said and done at and since the sale—"all that was said and done as admitted in evidence."

II.—The second branch of the Plaintiff's fourth requested instructions should have been given.

1st. Because one who is not largely in debt, and who retains attachable property sufficient to respond to all claims against him, is at liberty to dispose of all or any portion of his surplus property, as he may deem best, and any one else is at liberty to purchase the same.

2d. Before even a creditor can be permitted to question the motives of the vendor and vendee, and attack the *bona fides* of the purchase, he must allege in his pleadings, and prove at the trial, that the vendor was at the time insolvent, or at least, largely in debt, in disproportion to his remaining property. And that the sale and purchase sought to be defeated was of all or the principal part of his debtor's property, and so necessarily tending to delay and defeat the collection of his demand. This not having been done, the charge of fraud ought not to be found in the mouth of this Defendant, or the party he represents. See *Am. Leading Cases*, 4th ed., *p.* 41, *vol.* 1.

III.—But had the Defendant, representing a creditor, first brought himself within the principle taken under our second point, still the facts necessary to show a fraudulent sale and purchase are not sufficiently alleged in the answer. And the Judge erred when, under the third branch of Plaintiff's fourth request he instructed the jury, " that fraud in the Plaintiff's purchase was sufficiently pleaded in the Defendant's answer."

2d. His only allegations in the pleadings as to a fraudulent sale are in the third paragraph of the Defendant's answer, made on information and belief, " that the claim of property and ownership by the Plaintiff herein, to said goods and chattels, is, through and by a pretended and fraudulent sale, from the said Charles M. Babcock to the Plaintiff." This is insufficient. Conclusions of law based upon supposed facts, not alleged, are wholly insufficient as a pleading. " Wherever a party seeks to maintain his cause of action or defence on the ground of fraud, the facts must be alleged from which a fraudulent intent may be judicially inferred." 21 *Barb.*, 84 *Fisher vs. Fredinhall; Voorhes' Code ed.,* 1858, *p.* 143, *and cases there cited.*

IV.—The Plaintiff's fifth and sixth requested instructions should have been given, and the Judge erred in withholding

the same. *Const. Minn.*, *art.* 1, *sec.* 12, *Comp. Stats.*, *chap.* 61, *sec.* 99, *subdivision* 6, *p.* 570.

V.—It was error on the part of the Court to instruct the jury, at Defendant's request, " that it is not in issue in this case whether the property in question was exempt from execution of the judgment creditor, and is not to be taken into consideration by the jury."

1st. Because the defence rested wholly on the ground of alleged fraudulent intent to delay, defeat and defraud creditors, and the Court had held all the way through the trial that the same was sufficiently pleaded, and so instructed the jury.

2d. Because the mind acts only from motives; and the intent of the parties and the character of the sale, whether fraudulent as to creditors or *bona fide*, depends necessarily on the object sought thereby to be attained.

3d. Because the proposition is a contradiction in terms, and a solecism in law, that the debtor sells and the vendee purchases specific property, with the mutual intent to place the same thereby beyond the reach of creditors, when the constitution and laws of the country secure that identical property to the vendor, and declare it sacred from the grasp of creditors.

4th. Because, under the issue held by the Court to be sufficient for the Defendant to raise the question of fraud, this evidence that these horses were the only team the debtor had, and so exempt from creditors, was offered at the trial to repel any and all grounds of fraudulent intent, and was received without objection on the part of the Defendant or the Court. The witnesses on both sides, Frederick Howland and Emily Babcock for the Plaintiff, and George Douglass for the Defendant, were called upon to testify, and did testify that the horses in question were the only horses and the only team owned by Babcock at the time of the sale and transfer to the Plaintiff, or since that time.

5th. And it is apparent that had the fifth and sixth requested instructions been given, and the instructions given had been withheld, or had the case been submitted to the jury on proper instructions, the verdict would undoubtedly have been for the Plaintiff.

6th. Thus the erroneous instructions given necessitated a verdict against the legal evidence, well admitted at the trial, and at the same time against the law applicable to the case, and so contrary to all the evidence at the trial.

VI.—The point is well taken that the issues presented by the pleadings are not found by the verdict, and so the same is insufficient to authorize a judgment thereon. *Collated Stats., ch.* 61, *secs.* 34 *and* 39, *inclusive, p.* 561.

1st. The verdict must be concise and certain, leaving nothing to intendment, and expressly finding one way or the other every material issue made by the pleadings.

2d. And here the first and most material issue raised by the pleadings is, in whom was the property of these horses at the time of the levy, whether in Charles M. Babcock or this Plaintiff? This main issue the verdict wholly ignores.

Points and Authorities of Respondent.

I.—The declarations of Charles M. Babcock, the vendor of the property, were competent evidence, he having remained in possession of it up to and after the time when the declarations were made. *Adams vs. Davidson,* 10 *N. Y. Rep.* 313 ; 3 *Carr. & Payne,* 495 ; 17 *Penn. State R.* (5 *Harris*) 143 ; 13 *N. H. R.,* 267.

II.—But the declarations themselves being in harmony with the testimony of the Plaintiff, and confirmatory of it, did no injury to the Plaintiff's cause, and cannot possibly afford any ground for a disturbance of the judgment below. *Farmers' Bank vs. Planters Bank,* 10 *Gill. & John.,* 442 ; *Cooper vs. Blood,* 2 *Wis.,* 62.

III.—The Court was right in refusing to instruct the jury according to the second part of the fourth request of the Plaintiff. In order to establish a case of fraud it was not requisite to allege in the pleadings or prove on the trial, either the insolvency or indebtedness of the vendor, nor that the sale and transfer were of the principal share of his attachable property. The authority cited to this point by counsel for Appellant does not sustain their propositions.

vol. viii.—8

IV.—The charge of fraud is sufficiently set forth in Defendant's answer. While it is undoubtedly a rule of pleading that facts, and not conclusions of law, are to be stated, it is an equally true and familiar maxim that facts only, and not the evidence of them, must be alleged in the pleadings.

V.—But it was not necessary to plead the fraud specially. It might have been given in evidence, under the general denial in the Defendant's answer, as tending directly to controvert the allegations of ownership in the Plaintiff's complaint. *Bond vs. Corbett*, 2 *Minn.*, 248 ; 4 *Minn.*, 276 ; *Van Sant-voord's Pleadings* (2d ed.) 401, 404, 461, 463.

VI.—The fifth request of the Plaintiff's counsel was clearly wrong. The finding of the property by the jury to have been in Charles M. Babcock at the time of the levy was decisive against the claim of the Plaintiff, because that claim was founded upon the Plaintiff's ownership, and the defence, instead of failing on that ground, was established on a sure footing.

VII.—As to the sixth request, the fact that property is exempt from execution does not repel the suggestion of fraud in the transfer of it. 1 *Story's Eq. Jur.*, (6th ed.) sec. 368, and cases there cited; *Cassell vs. Williams*, 12 *Ill. Rep.*, 387 ; *Bayard vs. Hoffman*, 4 *John.*, *Ch. Rep.*, 452, 459.

VIII.—The pleadings and evidence show that the judgment to satisfy which the levy set up in the answer was made, was a judgment for the purchase money of the horses. By the provisions of *section* 91, *p.* 569, *Pub. Stats. Minn.*, the exemption law would have no operation in such case. That provision is still in force, unless repealed by *section* 101, *p.* 571, *Pub. Stat.*, which is a piece of indefinite legislation which the Court will hardly feel inclined to enlarge beyond a strict construction and necessary meaning.

IX.—*Section* 8, *p.* 571, *Pub. Stat.*, requires the exempted article to be chosen by the debtor, &c. No evidence was offered on the trial as to any such choosing. The right to choose was a privilege personal to the debtor. Even if it was his only team, he might or might not claim its exemption. Unless the debtor did choose the property, it does not lie in the mouth of an alleged fraudulent vendee to set up for the

debtor an exemption which he did not claim for himself. The statute does not allow this, and a wise regard for the object and spirit of the exemption law will not allow it to be arrested to cover up or facilitate fraud.

X.—If either of the three last preceding propositions is true, it justifies that part of the Judge's charge quoted in the fifth point made by the Defendant's counsel. But whether the instruction was correct or otherwise, is immaterial here, as there was no exception taken to it at the time when it was given.

XI.—The material issues presented by the pleadings are found by the verdict.

The Defendant, in his answer, claims that he was in lawful possession of the goods replevied, and does not claim that he was the owner of them. In finding that Defendant was entitled to a return, the jury, of course, found for the Defendant; that is, they found that he was in lawful possession, and that, together with value and damages, was, in substance, all that was material to be found. This included the finding on every issue, and that is sufficient. 1 *Monell's Prac.*, (*2d ed.*) 682; 9 *Mass.*, 319; 14 *Johns.*, 86 ; 14 *Ill.*, 384.

Besides this, the whole matter set up by way of defence could have been proved under the general denial; the issue raised by which is distinctly found, and so the verdict is not defective. 1 *Monell's Prac.*, 682, *and cases cited*, (*2d ed.*)

BATCHELDER & BUCKHAM, and H. C. LOWELL, Counsel for Appellant.

BERRY & PERKINS, Counsel for Respondent.

*By the Court*—ATWATER, J.—This was an action of replevin, for a span of horses and whiffletree, claimed by Howland, Plaintiff below, as his property. The Defendant admits the taking, and justifies as sheriff under an execution in favor of Hans Christophersen against Charles M. Babcock, and alleging that the property belonged to said Babcock at the time of the levy. There was a jury trial, and verdict for the Defendant. The Plaintiff made a motion for a new trial, which was denied, and the Plaintiff appeals to this Court.

It appears from the evidence that Howland claimed the property by virtue of the purchase of the same on the 8th of December, 1860. The levy was made on or about the 2d day of January, 1861. A good deal of testimony was taken touching the sale from Babcock to Howland, the Defendant claiming that the sale was fraudulent.

Upon the trial of the cause, George Douglass, a witness on the part of the Defendant, was asked, " what conversation you may have had with Charles M. Babcock, if any, in reference to the purchasing or trading for the horses in question, subse- quent to the 8th day of December last ?"

This question was objected to by the Plaintiff on the ground that it referred to a time subsequent to the transfer. The ob- jection was overruled, and the testimony admitted, to which Plaintiff excepted.

The witness answered that Babcock offered to trade him the horses for cattle, in May last.

The object of the testimony was stated by Defendant, but no other is apparent than to show that the Plaintiff was not the owner of the property. The only tendency of the answer to the question was to show such fact. In *Burt vs. McKins- try & Seeley*, 4 *Minn.*, 204, and in *Derby & Day vs. Gallup*, 5 *Minn.*, 119, we held that declarations made by a party who has conveyed his title or interest in property, made subsequent to such conveyance, and disconnected with it, cannot be re- ceived to invalidate the title of the grantee, or those claiming under him. We think this evidence falls within the rule there laid down, and should have been excluded. It is im- possible for the Court to say that the evidence did not have some weight with the jury. That this evidence did have weight is rendered more probable from the charge of the Judge, who directed the jury that they " were to take into consideration all that took place at the time of the sale, the possession, use, and disposal of the horses since the sale, the declarations of the Plaintiff and Babcock, all that was said and done as admitted in evidence." Under such instructions, the jury could not well have laid out of view this evidence, and the reasonable presumption is, that it must have had its effect in determining their verdict.

A question was also put to another witness for Defendant, with reference to statements Babcock had made in regard to the consideration received for the horses, and objected to on the same ground as the preceding question. This evidence was also admitted, and though, perhaps, not as prejudicial to the Plaintiff as the preceding, yet we think it was improperly admitted, as tending to invalidate the Plaintiff's title by declarations of the grantor, made subsequent to the sale and disconnected with it.

The Plaintiff requested the Judge to charge the jury, "that the constitution and laws of this State exempt one pair or span of horses from levy and sale on execution; and that if in this case, under the instructions given them, and the evidence at the trial, they should find the property in the horses to have been in Charles M. Babcock, at the time of the levy, yet, if they were his only horses and team, then they were by law exempt from seizure and sale on execution, and the defence would fail on that ground." The Judge refused so to charge, and the Plaintiff alleges this as ground of error.

There was no error in the refusal of the Judge to charge as requested. The Plaintiff is not in a position to contest Babcock's right to hold the property on the ground that the same is exempt from levy and sale. No such issue is raised by the pleadings. The Plaintiff's case must stand or fall on the strength of his own title. He must prove his own title as alleged in his complaint, and cannot sustain himself by proving title in another party, since his only claim of right to possession is by virtue of ownership of the property. Had he replied to Defendant's plea, by alleging property in Babcock, and exemption, the reply would have been a departure from the complaint, and clearly bad. Much less will he be allowed to raise an issue upon the proof, directly contrary to that which he has tendered by his complaint, and which has not been, and could not properly be raised by the pleadings.

In *Tullis vs. Orthwein,* 5 *Minn.,* 377, we held that the officer holding an execution has the right to levy upon property exempt from execution, and consequently to take the same into his possession. The exemption given by statute is a personal right and privilege given to the debtor, which may be

waived by him as well as any other ; and if claimed by him, must be asserted and maintained in legal form, and cannot be claimed for him by another ; and much less can any such right be contested in the manner here claimed by the Plaintiff. And for substantially the same, among other reasons, there was no error in the further refusal of the Judge to charge the sixth request of the Plaintiff.

The counsel for the Plaintiff also claims that the Judge erred in instructing the jury " that fraud in the Plaintiff's purchase was sufficiently pleaded in the Defendant's answer." The allegation in that behalf in the answer is, that " the claim of property and ownership by the Plaintiff herein to said goods and chattels, is through and by a pretended and fraudulent sale from the said Charles M. Babcock to the Plaintiff."

Whether or not such pleading, under proper objection, would be sufficient to raise the issue of fraud in the sale, we do not deem it necessary now to inquire, as for two reasons the Plaintiff is not in a position here to object to the charge complained of. In the first place, the case shows. no exception to such charge. But even had there been exception, it would not in this case have been well taken. The answer alleges in express terms that the property belonged to Charles M. Babcock, the judgment debtor against whom the Defendant, as sheriff, held executions. This was coupled with the further allegation, above quoted, as to the fraudulent sale to the Plaintiff. To this answer there was a reply denying, among other things, " that the Plaintiff's claim of property and ownership of the said goods and chattels is through or by any pretended or fraudulent sale thereof from Charles M. Babcock, or any one, to the Plaintiff, and avers that the said goods and chattels, at the time of the said levy, and also at the time of the commencement of this action, were the property of the Plaintiff," &c. Here is a distinct issue made between the parties as to the ownership of the property; and the fraudulent character of the transfer, and the Plaintiff cannot, after joining in this issue, object that the answer is insufficient in form. In substance the charge of fraud in Plaintiff's ownership, or pretended ownership, is distinctly made, and the Plaintiff cannot claim that he was surprised that such ques-

tion was litigated in the suit.   Much less can he claim, after evidence has been introduced on both sides touching the fraudulent character of the sale, without objections, (so far as the case shows) on that ground, that the Court should instruct the jury, that fraud was not sufficiently pleaded.

In the *New York Central Insurance Company vs. the National Protection Insurance Company*, 14 *N. Y.*, 85, it was held, that " an objection to a defence on the ground of defective pleading cannot prevail on appeal, where it was not distinctly made at the trial." And in *White vs. Spencer*, 14 *N. Y.*, 247, it was also held, that " where issue of fact is taken on a defence defectively stated, evidence to prove such defence should not be excluded on the ground of such defect." This we think a sound rule, supported by law and sound reason, and applicable to the case at bar.

On account of the admission, however, of the improper evidence above referred to, a new trial must be granted.