Sarah B. Webb

*vs.*

Ira Bidwell.

The lien of the state for taxes embraced in the act approved March 11th, 1862, entitled "An act in relation to the redemption of lands sold for taxes and relating to taxes and tax sales," attaches to real estate from the time the amount of tax to which each parcel of real estate is subject, is fixed and determined. The state acquires a lien for the taxes of each year.

In an action under section 8 of the act of 1862, above referred to, the complaint should set forth definitely each lien of the state which the plaintiff claims to have acquired under the provisions of the act, and which he seeks to enforce, by stating the nature and amount of each year's taxes embraced in the sale, and the particular lot or parcel of land on which they were assessed.

If the plaintiff seeks in one action to enforce liens for several year's taxes upon the same land, a complaint which states the aggregate amount of the taxes, but does not state the amount of each year's taxes, is not sufficiently definite, and may be made more definite and certain upon motion; but the defect cannot be reached by a motion for judgment on the pleadings.

In such action when the authority to tax appears from the complaint, and the taxes and the property upon which they are a lien are stated in the complaint with sufficient certainty, an allegation that such taxes were "*duly levied and assessed,*" is a sufficient averment of the assessment of such taxes, and under this form of allegation, if issue is taken thereon, proof of all the facts essential to the assessment of the tax is admissible.

Courts will take judicial notice of a private statute which is recognized by a public act, and under this principle, by virtue of legislation referred to, the courts will take judicial notice that the city of St. Paul is a corporation, incorporated by the act of March 4th, 1854, and possesses the authority given by that act and the acts amendatory thereof, to levy,

Webb v. Bidwell.

assess and collect taxes. The words "adjudged invalid" as used in section eight of the act of 1862, above referred to, embraces only a judgment of a court of competent jurisdiction; but the section does not require that the judgment must have been recovered in an action distinct from that in which it is sought to enforce the lien; but in an action to enforce a lien under said section, it is necessary for the plaintiff either to plead the judgment of a court of competent jurisdiction determining the invalidity of his title, or to set out fully the facts showing its invalidity, and claim the judgment of the court declaring such title invalid, and decreeing the plaintiff's lien.

An allegation "that the title of the plaintiff to said lots by virtue of said tax sale is invalid from an irregularity in the notice of such tax sale," is a conclusion of law, and is bad.

The omission in the complaint of a fact essential to the plaintiff's cause of action, is not cured by pleading it in the reply.

This action was brought in the district court for Ramsey county, under *section 8, of chapter 4, of the laws of* 1862, to enforce an alleged lien for taxes levied for the years 1857, 1858 and 1859, by the city of Saint Paul, on two lots belonging to the defendant in said city, and paid by the plaintiff, through a purchase of said lots at a tax sale on the 21st day of March, 1863. In regard to the assessment and levy of the taxes for which the lots were sold, the complaint alleges as follows, "that certain taxes were duly levied and assessed by the city of St. Paul (on said lots) * * * for the years 1857, 1858 and 1859, respectively, and that the taxes and penalties on said lots, for the aforesaid years on the first day of March, 1863, were as follows, viz : ninety-five dollars and seven cents on lot 11, and $106.48 on lot 12, making in the aggregate on said lots the sum of $201,56." The act authorizing the city to levy the taxes, was not recited nor referred to in the complaint. The complaint contained the following allegation in regard to the invalidity of the plaintiff's title under the tax sale at which she purchased : "that the title of plaintiff to said lots by

virtue of said tax sale is invalid, from an irregularity in the notice of said tax sale." The defendant answered, and in the reply the plaintiff alleged substantially that in an action theretofore commenced by the defendant to determine her adverse claim to the premises, her title was adjudged invalid.

When the cause was brought to trial, the defendant moved for judgment on the pleadings. The court granted the motion and the plaintiff appeals to this court.

E. WEBB and SMITH & GILMAN for Appellant.

GEO. L. OTIS for Respondent.

*By the Court*—MCMILLAN, J.—The plaintiff's action is based upon, and brought under the act of the legislature of this state, approved March 11, 1862, entitled "An act in relation to the redemption of lands sold for taxes, and relating to taxes, and tax sales."

The act contains the following provisions.

Sec. 1. "That all lands heretofore sold for taxes of the year 1859, and all previous years, and which lands have been purchased, and are held by any city or county, or forfeited to the state, or when the certificate of tax sale of any such lands are held by any city or county of this state, or whenever any delinquent tax is now due any such city, county, or to the state, for the term aforesaid, shall be subject to be redeemed by the owner or owners of such lands by complying with the following terms and conditions to wit: by paying to the proper officer the amount of the delinquent taxes aforesaid due and unpaid, with interest thereon, at the rate of seven per cent. a year and costs, on or before the first day of November, 1862. *Provided*, That

all taxes assessed on such lands since January first, 1859, shall be paid with costs and interest.

Sec. 2. That if any such tract or parcel of land or structure thereon, shall remain unredeemed, or such delinquent taxes shall remain unpaid on said first day of November, 1862, such lands so unredeemed, and upon which said delinquent taxes remain in whole or in part unpaid, shall, at said last named date, become forfeited to the state and it shall thereupon become the duty of the county auditor to advertize the same for sale, therein stating that such lands will be sold as forfeited to the state under the provisions of this act, and the time and place of sale, which time shall be on the second Monday in January, 1863," &c. The third section of the act provides that each tract shall be offered separately, and be sold to the highest bidder &c.

Sec. 4. Provides for a certificate of sale to the purchaser.

Sec. 5 makes it the duty of the auditor, upon the production and the return of the certificate of sale, to deliver to the purchaser named in the certificate, or his assignee, a deed in fee simple for the premises so sold, which shall vest in the grantee therein an absolute title both at law and equity, except in cases where the tax returned delinquent shall have been actually paid.

Sec. 8 of the act reads as follows, "That in case the title of any such purchaser at such sale shall be adjudged invalid such purchaser shall have and retain the lien of the state upon the premises so charged with the taxes named in the first section of this act, to the amount of his purchase money with interest thereon at the rate of fifteen per cent. per annum, which lien may be enforced by action, or required by the court to be paid before awarding a writ of possession to the person claiming adversely to the purchas-

Webb v. Bidwell.

er, at such tax sale or his assignee." The section last quoted is the one upon which the plaintiff relies immediately for the relief claimed. The power to tax is not a statutory right, but an incident of sovereignty ; the mode of exercising the power, however, is prescribed by the legislature, and is to be followed as the due course of law by which the property of the citizen is to be disposed of.

The lien of the state for taxes embraced in the act of 1862, ·attached to real estate when the taxes were assessed thereon. .(*Rev. Stat. Ch.* 12, § 77. *Compl. Stat. Ch.* 9, § 98,) that is, when the amount or proportion of tax to which each parcel of real estate was subject, was fixed and determined. .*Bouv. L. Dic. "Assess."*

As taxes are levied annually, and each separate parcel of real estate is taxed, the state acquires a separate lien for each year's taxes upon each lot or separate parcel of real estate, and as the lien of the state is by the provisions of the act of 1862 transferred to the purchaser, the plaintiff, in an action of this kind, which embraces several distinct liens, should set forth definitely each lien of the state which he claims to have acquired under the provisions of the act referred to, by stating the nature and amount of each year's taxes embraced in the sale, and the particular lot or parcel of land on which they were assessed : this the complaint under consideration does not do with sufficient certainty, at least with respect to the amount of the taxes for each year; but the defect should have been remedied by a motion to make the complaint more definite and certain, and cannot be reached by a motion for judgment on the pleadings.

While the complaint in the matter indicated is not sufficiently definite, the court are of opinion, (without my concurrence) that when, as in this case, the authority to tax appears, and when the taxes and the property upon which

they are a lien are stated in the complaint with sufficient certainty, the allegation that such taxes were "duly levied and assessed," is a sufficient averment of the assessment of such taxes, and under this form of allegation, if issue is taken thereon, proof of all the acts constituting the *assessment* of the tax, and essential to its validity, is admissible. *Pinney vs. Fridley*, 9 *Minn.* 34.

So far as the authority of the city under its charter to levy a tax is concerned, we are of opinion that it was not necessary for the plaintiff to recite the charter, or refer to it by its title. Whether the act of incorporation of a city is in its nature a public act of which the courts will take judicial notice, we need not consider. However that may be, it is well settled that the court will take judicial notice of a private statute which is recognized by a public act. *Samuel vs. Evans*, 2 *Term R.* 569. The case of *James M. Rogers*, 2 *Greenl. R.* 301; *Bacon's Abridgment, Vol.* 9, *Tit. Statute* (*F.*) The act of the legislature entitled "An Act to reduce the law incorporating the city of Saint Paul in the county of Ramsey, and state of Minnesota, and the several acts amendatory thereof into one act, and to amend the same," approved March 20, 1858, is by its terms a public act. *Sp. Laws* 1858, *ch.* 1, *p.* 50, § 26. (*City Charter, ch.* 10, § 26.) The original act of incorporation is recognized in the title of the above act, and becomes thereby a public law; and under the principles laid down it is to be judicially noticed by the courts, although not recited or referred to. The court was therefore to take notice that the city of Saint Paul was a corporation, incorporated by the act approved March 4th, 1854, and possessed the authority given by that act, and the acts amendatory thereof, to levy, assess and collect taxes.

The words "adjudged invalid" as used in section eight of

Webb v. Bidwell.

the act of 1862, clearly embrace only a judgment of a court of competent jurisdiction. But we think the section does not require that in all cases the judgment must have been rendered in a separate action, and before the action in which it is sought to enforce the lien, but in an action to enforce the lien it is necessary for the plaintiff, either to plead the judgment of a court of competent jurisdiction determining the invalidity of the title, or, to set out fully the facts showing its invalidity, and claim the judgment of the court declaring such title invalid, and decreeing the plaintiff's lien.

The only allegation in the complaint tending to show the invalidity of the plaintiff's title is as follows: "that the title of the plaintiff to said lots by virtue of said tax sale is invalid from an irregularity in the notice of said tax sale."

This allegation is not sufficient, the facts constituting the irregularity should have been stated, that the court might judge whether it rendered the title invalid or not; as it now stands the complaint states a conclusion of law, and is fatally defective.

Where the plaintiff relies upon a judgment determining the invalidity of his title, it must be pleaded in the first instance as a ground of the action, and as any other judgment; if not pleaded in the complaint, the omission is not cured by pleading it in the reply. *Gould's Pl. Ch.* 4, § 8, *p.* 173. *Tullis vs. Orthwein,* 5 *Minn.* 377. In that case the reply would be a departure in pleading. The complaint therefore does not state facts sufficient to constitute a cause of action, and the motion for judgment was properly granted.

The order appealed from is affirmed.