## HAYS vs. LEWIS and another.

Where a complaint fails to state a cause of action, and the defendant, at the trial, objects on that ground to the introduction of any evidence, such objection is equivalent to a general demurrer, and a judgment for the plaintiff must be reversed.

In a complaint made to foreclose a mortgage made to a third person, an allegation that the plaintiff is the lawful owner, &c., would perhaps be sufficient to let in proof of an assignment to him, although such assignment is not expressly averred.

But where the complaint shows that the mortgage was made to secure a bond, a failure to aver that *the bond* was assigned to the plaintiff, or that he is the owner and holder of it, is a fatal defect.

APPEAL from the Circuit Court for *Ozaukee* County.

The case is stated in the opinion of the court. The circuit court found as a fact, among other things, that the mortgage in suit was duly assigned to the plaintiff. Judgment for the plaintiff, from which the defendants appealed.

*A. M. Blair*, for appellants :

1. The defendant could take advantage of the defect in the complaint at any stage of the case. *Gould vs. Glass*, 19 Barb., 186 ; *Montgomery County Bank vs. Albany City Bank*, 3 Seld., 464; *Higgins vs. Freeman*, 2 Duer, 650; *Rayner vs. Clark*, 7 Barb., 581. 2. The statement that " the plaintiff is the lawful own- er " of the mortgage, is not a statement of fact but a . conclu- sion of law. *Adams vs. Holley*, 12 How. Pr. R., 330; *Thomas vs. Desmond*, id., 321.

*Ryan & McGregor* (with whom was *H. Cunning*), for the re- spondent, contended that the averments of the complaint amounted, to any common understanding, to a statement of the assignment of the mortgage by the mortgagee to the plain- tiff; that whatever might be the the defects of the complaint, if any, under the code, the remedy of the appellant was by motion to make it more certain (*Prindle vs. Caruthers*, 15 N. Y., 425; 11 How. Pr. R., 567; 13 id., 360; 13 Duer, 697); that the averments were in fact sufficient (6 Duer, 256; 23 Barb., 233; 25 id., 458; 4 Abbott, 307; 2 Kern., 321; *Will- iams vs. Wilcox*, 8 A. & E., 314; *Dollner vs. Gibson*, 3 Code Rep., 154); and that in any case the defects, if any, were cured by the finding. 11 Wend., 374; ,1 Saunders, 228, a, note 1; 20 Barb., 66; 21 id., 512; 2 Kern., 231; *Merrick vs. Trustees*, 8 Gill, 59.

*By the Court*, COLE, J. On the trial of this cause the ap- pellants objected to any evidence being received under the complaint, for the reason that it did not state facts sufficient to constitute a cause of action. We suppose this was equiva- lent to a general demurrer to the complaint, and raises the

question as to its sufficiency as a pleading. If it does not state a cause of action, the judgment must be reversed.

The complaint, among other things, states that a bond and the mortgage sought to be foreclosed were given by the appellants to one James McCarty for the use of James Hays, the father of the respondent, conditioned as therein described. It is alleged that there was a failure to comply with the condition of the mortgage. It is also alleged that the respondent is the lawful owner of the mortgage, although there is no averment that it was ever assigned to him. But probably the allegation would be sufficient to admit proof of the assignment, since it might be claimed that he could not be the owner unless it had been assigned to him. But there is no allegation whatever that the respondent is the owner of the bond, or that it has been assigned to him. This we consider a very essential and fatal defect in the complaint. For it is very clear that if the respondent does not own the bond he has no right to ask for a foreclosure of the mortgage given to secure its payment. Had the allegation been that he was the owner of the bond, it might be said that this implied that he likewise owned the mortgage, within the rule of those decisions which hold that the debt is the principal and the mortgage the accessory, and that the latter passes by a transfer of the bond. But it is merely stated that he is the owner of the mortgage, without showing that he has any interest in the debt which it was given to secure. The complaint should have stated that the bond and mortgage had been assigned to the respondent, or at least that he was the lawful owner of them. As the complaint now stands we consider it decidedly defective.

The judgment of the circuit court is reversed, and the cause remanded for further proceedings.