[No. 10923.  Department One.  March 12, 1913.]

CANAL LUMBER COMPANY, *Appellant*, v. KONG YICK
INVESTMENT COMPANY *et al.*, *Respondents*.[1]

APPEAL—RECORD—QUESTIONS PRESENTED—PRESUMPTIONS. Upon an
appeal in a mechanics' lien case, in which the lower court failed to
find that the party to whom the material was furnished sustained
any such relation to the owner of the property as would enable him
to bind the property, under Rem. & Bal. Code, § 1129, and failed to
find a compliance with § 1134, prescribing the contents of the notice
of lien, and concluded that the plaintiff was not entitled to a lien,
it must be presumed, in the absence of the evidence, that the court
had sufficient reason to decline to make such findings.

APPEAL—REVIEW—RECORD — QUESTIONS PRESENTED — JUDICIAL NO-
TICE OF FORMER ADMISSIONS. The supreme court is governed by the
record on appeal in each case, and on a second appeal after retrial,
cannot, in aid of the findings, take judicial notice of admissions made
on the former appeal.

APPEAL—REVIEW—BURDEN OF SHOWING ERROR. Where the evidence
is not brought up on appeal, the presumption is that it supports the
judgment, and it is incumbent on the appellant to show that the
conclusions of law and judgment do not follow the findings of fact.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered May 27, 1912, upon findings
in favor of the defendants, dismissing an action to foreclose
a mechanics' lien. Affirmed.

*Myers & Johnstone*, for appellant.

*Tucker & Hyland*, for respondent Kong Yick Investment
Company.

GOSE, J.—This case is before us on the findings of fact
and conclusions of law, the contention of the appellant being
that the conclusions of law are not justified by the facts
as found by the court. The facts found, material to the in-
quiry, as we view the case, are as follows:

"That between the 14th day of June, A. D. 1910, and the
15th day of August, 1910, plaintiff furnished to the de-

[1]Reported in 130 Pac. 492.

fendant, Washington Interior Finish Company, certain lumber and materials to be used in the construction of that certain building or structure situate upon lots 1 and 8, block 54, D. S. Maynard's Addition to Seattle, King county, Washington, all of which materials were delivered to and used upon the property above described, and all of which were of the reasonable value of $1,853.49. That no part of the same has been paid, except the sum of $1,457.96, leaving a balance of $395.53 due and owing the plaintiff. . . . That thereafter and within ninety days after the furnishing of said last item, to wit, within ninety days from August 15, 1910, plaintiff filed and recorded its lien, which is introduced in evidence and is recorded in Volume 36, of Liens, at page 603."

The material conclusion of law is as follows:

"That plaintiff is not entitled to a lien against the premises herein described, and that defendant, Kong Yick Investment Company, is entitled to costs against plaintiff herein to be taxed."

The appellant seeks to establish and foreclose a lien upon property in the city of Seattle owned by the respondent Kong Yick Investment Company, a corporation. The allegations in the complaint are that the appellant, at the special instance and request of the respondent Washington Interior Finish Company, a corporation, who was then and there the agent and contractor for the respondent Kong Yick Investment Company, sold and delivered to the latter certain lumber and materials, to be used and which were used in the construction of a building situated upon its property in the city of Seattle. This allegation was put in issue by the respondent Kong Yick Investment Company. The appellant further alleged that, within ninety days after it ceased to furnish material, it filed and recorded with the county auditor of King county its claim of lien, duly verified by oath, containing a statement of its demands, after deducting all just credits and offsets, with the name of the owner and the name of the reputed owner and the name of the contractor or agent of the owner of the property, together

with a description of the property sought to be charged with the lien sufficient for identification. This allegation is also put in issue by the same respondent.

Section 1129, of Rem. & Bal. Code, gives a lien to every person furnishing material to be used in the construction of certain enumerated structures, for the material furnished, "whether performed or furnished at the instance of the owner of the property subject to the lien or his agent; and every contractor, subcontractor, architect, builder or person having charge, of the construction, alteration or repair of any property subject to the lien as aforesaid, shall be held to be the agent of the owner for the purposes of the establishment of the lien created by this chapter." Section 1130 provides that so much of the lot or parcel of land upon which the improvement is made as may be necessary to satisfy the lien, to be determined by the court on rendering judgment in a foreclosure of the lien, is also subject to the lien to the extent of the interest of the person or company "who in his or its own behalf, or who, through any of the persons designated in section 1129 to be the agent of the owner or owners caused the performance of the labor, or the construction, alteration or repair of the property." It will be observed that the complaint alleges a compliance with these sections of the statute. The court, however, did not find that the Washington Interior Finish Company sustained any relation to the owner of the property which, under the terms of the statute, would give it the power to bind the property. It must be assumed, in the light of the conclusion of law and the judgment in favor of the owner of the property, that the court had sufficient reason for declining to find that the Washington Interior Finish Company sustained any such relation to the owner.

It is further apparent that the latter part of the finding does not show a compliance with the statute, Rem. & Bal. Code, § 1134, which prescribes what the notice of lien shall contain.·

This case was before this court and is reported in 67 Wash. 126, 120 Pac. 882, on an appeal from an order granting this appellant a new trial, and the appeal was dismissed for want of sufficient bond. The appellant now invites the court to take judicial notice of its record on the former appeal, and of certain admissions made in the former briefs in aid of the findings in this case. It is contended that the findings thus supplemented are sufficient to show that the Washington Interior Finish Company was a subcontractor, and as such the agent of the respondent Kong Yick Investment Company. The case is now before us after a new trial has been had, and we must be governed by the record here; that is, by the issues raised by the pleadings and the findings of fact, the conclusions of law, and the judgment. Reading these together, in the absence of the evidence, we cannot say (1) that the Washington Interior Finish Company sustained any such relation to the owner of the property as to give the appellant a right to a lien upon its property; and (2) we cannot say that the lien sought to be foreclosed complied with the statute. The presumption always is, in courts of general jurisdiction, that the evidence supports the judgment, and it devolves upon the party who attacks the judgment to show, either that the evidence does not support the judgment; or, failing to bring the evidence here, to show that the conclusions of law and judgment do not follow the facts as found by the court.

"The record in each particular case must be complete in itself and exhibit the ground upon which the final decision is based." *Lownsdale v. Grays Harbor Boom Co.*, 54 Wash. 542, 103 Pac. 833.

See, also, *Pacific Iron & Steel Works v. Goerig*, 55 Wash. 149, 104 Pac. 151.

On the record before us, we conclude that there is no error shown, and the judgment is affirmed.

CROW, C. J., CHADWICK, MOUNT, and PARKER, JJ., concur.