[No. 10841. Department Two.   April 1, 1913.]

BELKNAP GLASS COMPANY, *Appellant*, v. DANIEL KELLEHER

*et al., Respondents.*[1]

TRIAL—OBJECTIONS — DEMURRER ORE TENUS — DECISION. Defendants have the right to rest upon a demurrer *ore tenus* on the ground that the complaint does not state sufficient facts, even after issue joined by answer; and the court may defer ruling thereon, and sustain the demurrer at the close of the evidence, if proof of the necessary facts be not produced.

MECHANICS' LIENS—FORECLOSURE—RELATIONSHIP—ALLEGATION AND PROOF—NECESSITY. The complaint or proof in an action to foreclose a materialman's lien must show the relationship between the owners of the property and the persons ordering or contracting for the materials furnished, under Rem. & Bal. Code, § 1129, requiring that the materials be furnished either at the instance of the owner, or his agents or contractors, architects, builders, or persons having charge of the construction.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered August 21, 1912, dismissing an action to foreclose a materialman's lien, on sustaining a demurrer *ore tenus*. Affirmed.

*Gates & Emery*, for appellant.

*Bausman & Kelleher*, for respondents.

FULLERTON, J.—The appellant brought this action against the respondents, Kelleher and Whittlesey, and others,

[1]Reported in 130 Pac. 1123.

to foreclose a materialman's lien. Issue was taken on the complaint and a day fixed for the trial. On the day appointed, the parties appeared, whereupon the respondents, Kelleher and Whittlesey, entered an objection in the form of a demurrer *ore tenus* to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and announced that they would stand on their objection, and not participate in the trial of the cause. The court, without passing on the objection, proceeded to trial on the issues made by the answers of the other defendants. At the conclusion of the trial, the court sustained the objection of the respondents and entered a judgment in their favor denying a foreclosure of the lien, and dismissed the action as to them. The record in this court does not disclose what disposition was made of the action as to the other defendants, although it appears from the statement of facts that the court announced at the conclusion of the trial that it would deny a foreclosure as to all of the defendants, and allow a personal judgment for the amount claimed to be due against the defendant James Duffy. This appeal is taken from the judgment of dismissal entered in favor of Kelleher and Whittlesey.

In this court complaint is made of the procedure followed by the trial court. It is claimed that it was error to allow an objection to the sufficiency of the complaint after issue had been joined by answer, and error to take the objection under advisement until the close of the evidence. But the respondents had the right to rest their defense on an objection to the sufficiency of the complaint, if they so desired, even after answer filed, and this is all they did do in effect. The conduct of the respondents in this regard was a matter entirely without the control of the court. Moreover, no right of the appellant was affected by the action of the court. The appellant was at liberty, notwithstanding the withdrawal of the respondents, to go on with its case, and prove a cause of action against them if it could. If it succeeded in its proofs,

and the court should hold its complaint defective, its right to amend would not be affected by the absence of the respondents; on the contrary, it could amend its complaint to correspond with its proofs and take judgment against them as if they were personally present.

The complaint was clearly defective. It was alleged "that on the 14th day of September, 1911, plaintiff at the special instance and request of James Duffy and Kohler & Chase, a corporation, commenced to furnish material and perform labor, which material was used, and which labor was performed in and about the construction and alteration of a certain building or structure on the premises hereinabove described, which material was of the reasonable value, &c.," but there was no allegation of the relation of James Duffy or Kohler & Chase to the owners of the property; that is to say, there was no allegation that they were the actual agents of the owner of the property, or were contractors, subcontractors, architects, builders or persons having charge of the construction of the building on which the lien is claimed. Persons standing in one or the other of these relations to the owner are the only persons that can lawfully bind his property for materials or labor used in the construction or alteration of a building thereon; and a complaint, if it be not subject to demurrer, must set forth that the materials and labor for which the lien is claimed were furnished either at the instance of the owner or some person bearing this statutory relationship to the owner. Rem. & Bal. Code, § 1129; *Canal Lum. Co. v. Kong Yick Inv. Co.*, *ante* p. 437, 130 Pac. 492.

The defects in the complaint, however, were amendable, and we have searched the evidence for the purpose of ascertaining whether or not the proofs offered at the trial supplied the defects, but the evidence on this question is as much barren as the complaint. The proofs were directed to a showing of the value of the materials furnished, and there is not even an indirect reference to the matter now under in-

quiry. Since it was necessary to allege that the person ordering the materials and hiring the labor bore to the owner of the structure being altered or constructed the relation of agent as defined by the statute, it was also necessary, in order to support a recovery, to prove such fact; and there being no such proof, the judgment must stand affirmed. It is so ordered.

CROW, C. J., MAIN, MORRIS, and ELLIS, JJ., concur.