Duncan v. Brown, 18 N. M. 579.

[No. 1570, February 12, 1914.]

MARY DUNCAN, Appellant, v. MARY BROWN, Appellee.

## SYLLABUS (BY THE COURT)

1. Judicial decisions, affecting title to real estate, presumptively acquired in reliance upon such decisions, should not be disturbed or departed from except for the most cogent reasons; doubts as to the soundness of such decisions, without other and graver considerations, do not warrant a departure.

P. 585

2. Whenever a question fairly arises in the course of a trial, and there is a distinct decision of such question, the ruling of the court in respect thereto cannot be called mere dictum.

P. 588

Appeal from the District Court of McKinley County; Herbert F. Raynolds, District Judge; affirmed.

B. F. ADAMS, Albuquerque; SAM BUSHMAN, Gallup, N. M., for appellant.

A deed signed by the wife alone, conveying community property to the husband, was absolutely void under the laws of New Mexico at the time the deed is alleged to have been made. Elliot v. Piersol, 1 Pet. 338; 7 L. Ed. 169.

Husband must join her in the deed. Rhea v. Rhenner, 1 Pet. 109, 7 L. Ed. 73.

Statute required certain manner and form of conveyance. Edgar v. Baca, 1 N. M. 620.

Statute must be strictly complied with. 21 Cyc. 1330-3.

Wife could convey through some third person only. 21 Cyc. 1664.

Wife has no power of disposal over the community property. 21 Cyc. 1668; (b.)

Power to contract does not carry with it the power to convey real estate. C. L. 1897, sec. 1511; Jasper v. Wilson, 14 N. M. 482.

A statute inconsistent with the common law repeals it in so far as it is inconsistent. Lewis Suth. Stat. Con. (2nd ed.) 572.

Words of a statute are to be taken in their natural and ordinary signification. Lewis Suth. Stat. Con. (2nd ed.) sec. 358, p. 684.

Statutory enactments. Laws 1901, p. 113, sec. 1; C. L. 1897, sec. 1511; Laws 1852, ch. 44; C. L. 1897, secs. 3939-3970; Laws 1884, ch. 14.

Deed was void. Edgar v. Baca, 1 N. M. 619; Graham v. Struwe, 13 S. W. 381.

Property was community property. Bal. Comm. Prop., sec. 80, 116, 75 and sec. 90; Whetstone v. Coffey, 48 Tex. 269; Kirkwood v. Domnan, 16 S. W. 429; Kirchner v. Murray, 54 Fed. 624; Arnett v. Reade, 220 U. S. 311, (N. M.), 55 L. Ed. 480.

Where absolute decree is granted the spouses become tenants in common. 14 Cyc. 728; Wait v. Wait, 4 N. Y. 95; Reynolds v. Reynolds, 24 Wend. 193; Barrett v. Failing, 111 U. S. 523, 28 L. Ed. 506; C. L. 1897, sec. 1512; Godey v. Godey, 39 Cal. 157; Whetstone v. Coffey, 48 Tex. 269; Hughs v. Doe, 45 Pac. 1068; Philbrick v. Andrews, 35 Pac. 359; Biggi v. Biggi, 98 Cal. 35, 35 Am. St. R. 141, 32 Pac. 803; Hayes v. Horton, 46 Ore. 597, 81 Pac. 386; 2 Bishops Marr. & Div. (5th ed. sec. 716; Freeman, Co-tenancy, (2nd ed.) sec. 76; Stelz v. Shreck, 128 N. Y. 263, 13 L. R. A. 325, 26 Am. St. R. 475, 28 N. E. 510;

Duncan v. Brown, 18 N. M. 579.

Russell v. Russell, 122 Mo. 235, 43 Am. St. R. 581, 26 S. W. 55, 23 L. R. A. 806.·

A judgment is conclusive only upon the issues present- ed by the pleadings. Bank of Visalia v. Smith, 146 Cal. 398, 81 Pac. 542; Kirchner v. Dietrich, 110 Cal. 502, 42 Pac. 1064; Coats v. Coats, 118 Pac. 445.

Decree of divorce left the realty undisposed of. Tabler v. Peverill, 88 Pac. 997; Ball, Comm. Prop., sec. 209-10; McKay on Community Property, sec. 413.

Conveyance after becoming discovert. Tied. Real Prop., sec. 794.

A statute allowing a married woman to "convey and de- vise" real estate does not remove the incapacity which pre- vents her from contracting. Todd v. Lee, 15 Wis. 400; Grapengether v. Fejervary, 9 Ia. 163; Mayo v. Hutchin- son, 57 Me. 546; Cummings v. Sharpe, 21 Ind. 331; Major v. Symmes, 19 Ind. 117; Miller v. Newton, 23 Cal. 554; Glass v. Warwick, 40 Pa. St. 140; Willard v. Eastham, 15 Gray 328; Perkins v. Eliiott, 22 N. J. Eq. 127; Cozzens v. Whitney, 3 R. I. 79; Jones v. Crosthwaite, 17 Ia. 393; Maguire v. Maguire, 3 Mo. App. 458; Hodson v. Davis, 43 Ind. 258; Catterton v. Young, 2 Tenn. Ch. 768; Nel- son v. Miller, 52 Miss. 410; Maclay v. Love, 25 Cal. 368; Veal v. Hurt, 63 Ga. 728; Saulsbury v. Weaver, 59 Ga. 254; Robertson, 1 Lea, 633; Bank v. Scott, 10 Neb. 83; Harris v. Finberg, 46 Tex. 79; Stiles v. Lord, 11 Pac. 316; Holyoke v. Jackson, 3 Pac. 843; McKee v. Reynolds, 26 Ia. 582; White v. Wager, 25 N. Y. 332.

H. B. JAMISON, Albuquerque, N. M., for appellee.

Equity upholds a deed from the wife to the husband in absence of statute where there is reasonable consideration. 21 Cyc. 1291; Turner v. Shaw, 9 Am. St. R. 321.

In 1889, under New Mexico statutes, a married woman could convey to her husband, subject to same limitations as if she was unmarried. C. L. 1897, sec. 1510; Id., sec. 1511; C. L. 1897, sec. 3951.

The divorce obtained by appellant on May 16, 1901, was res judicata as to her rights in property involved in

this suit.  Barnett v. Barnett, 9 N. M. 205; Barrett v.
Failing, 111 U. S. 523, 28 L. Ed. 505; (Cases of De
Godey v. De Godey, 39 Cal. 157; Whetstone v. Coffey, 48
Tex. 269, and Wait v. Wait, 4 N. Y. 95, have distinguish-
ing statutes or circumstances) ; Greathead v. Bromley, 7
T. R. 455; Broom, Max. (4th ed.) 324; 2 Taylor Evi-
dence, sec. 1513; Henderson v. Henderson, 3 Hare, 115;
City of Aurora v. West, 74 U. S. 82, 19 L. Ed. 49; Beloit
v. Morgan, 74 U. S. 619, 19 L. Ed. 205; Brandernagle v.
Cocks, 19 Wend. 207; Le Guen v. Gouverneur, 1 Johns.
Cas. 491; Bates v. Spooner, 45 Ind. 493; Thompson v.
Thompson, 31 N. E. 530; Fischli, 12 Am. Dec. 251; Kamp
v. Kamp, 59 N. Y. 212; Hardin v. Hardin, 38 Tex. 617;
Roe v. Roe, 35 Pac. 809; Greene v. Greene, 2 Gray, 361;
Homer v. Fish, 1 Pick. 441; Stahl v. Stahl, 114 Ill. 375;
Patton v. Loughridge, 49 Ia. 218; Mott v. Mott. 82 Cal.
413.

Rule of Stare Decisis should be applied.  Laws 1901,
ch. 62, sec. 31; Klock v. Mann, 16 N. M. 211.

## STATEMENT OF FACTS.

This action was instituted by appellant in the court be-
low to quiet her title to an undivided one-half interest in
and to certain real estate in the town of Gallup, County
of McKinley, State of New Mexico.  The facts in the case
are undisputed, and may be stated briefly as follows:

On November 28, 1898, appellant was united in mar-
riage with John D. Heindl, now deceased.  In February,
of the next year, John D. Heindl purchased the real es-
tate over which this litigation arose and paid for the same
with money earned after his marriage to appellant.

On September 20, 1899, appellant, by quit claim deed
conveyed to her said husband all her right, title and inter-
est in and to the real estate.  Shortly before the execu-
tion of the deed by appellant to her husband they had
ceased to live together as husband and wife, and in June
thereafter a decree was entered by the District Court of
McKinley County granting to Mary Heindl an absolute
divorce from her said husband.

Sometime in the year 1907, John D. Heindl died, the

record owner, and in possession of the real estate in controversy. His will was duly probated, by the terms of which he devised the said real estate to his brother Joseph Heindl. Thereafter, in December, 1907, Joseph Heindl, by warranty deed conveyed the real estate to the appellee herein, who took possession of the same, which she has ever since retained.

The judgment of the court, granting the divorce to appellant, was silent as to all property rights, and this action was instituted by appellant to quiet her title to an undivided one-half interest in and to the real estate mentioned, upon the theory that the property being community property and the decree not having adjudicated the rights of the parties therein she still retained her interest in the said real estate.

Upon the issues framed and the facts as stated, the court stated the following conclusions of law, viz.:

1. "That the quit claim deed recorded in Book C, page 39, records of McKinley County, New Mexico, executed by the plaintiff, conveyed to John Heindl and to his heirs and assigns all right, title and interest of plaintiff in and to the land described in the complaint."

2. "That the decree of divorce between plaintiff and John Heindl determined their property rights and was and is res adjudicata and barred plaintiff from any right, title or interest in the property described in the complain of the plaintiff."

Judgment was entered for the appellee, from which this appeal is prosecuted.

## OPINION OF THE COURT.

ROBERTS, C. J.—We will first discuss the second assignment of error, viz.: that "The court erred in holding as a conclusion of law that the decree of divorce between plaintiff and John D. Heindl determined their rights and was and is res adjudicata and barred plaintiff from any right, title or interest in the property described in the complaint," for, if this assignment be not well taken, the effect of the quit claim deed and the right of a wife to convey real estate directly to her husband become of no

importance in this case. Nor would a determination of the questions serve any useful purpose, for since 1901, by sec. 5, chap. 62, S. L. 1901, and sec. 4, chap. 37, S. L. 1907, she has an unquestioned right to convey real estate direct- ly to her husband, subject to the general rules of the com- mon law which control the actions of persons occupying confidential relations with each other.

Was the divorce decree obtained by appellant May 16, 1900, res adjudicata as to her rights in the property in- volved in this suit? That it was so, was held by the Ter- ritorial Supreme Court in an opinion written by Chief Justice Smith in 1897, in the case of Barnett v. Barnett, reported in 9 N. M. 205. Appellant contends, however, (1) that the decision in the Barnett case was wrong in principle and contrary to the weight of authority, and (2) that the point was not involved in that case and therefore what was said by the Court upon the question was obiter dictum, and therefore should not control the judgment in a subsequent suit when the very point is presented for decision. Admitting for the sake of argument, without so deciding, however, that the holding in the Barnett case is contrary to the weight of authority and were the matter presented to this Court as an original proposition a dif- ferent result might be reached; the fact remains, how- ever, that at the time the divorce was granted, and at the time appellee bought the property in question, the law as adjudicated in Barnett v. Barnett was the declared law in this jurisdiction on the subject. This being true, the question arises as to whether we should overrule this de- cision and inflict the consequences of overruling it upon the appellee.

The decision in that case does not affect the property rights of husband and wife under any decree of divorce entered after March 20, 1901, for by sec. 31, chap. 62, S. L. 1901, it is specifically provided that,

"The failure to divide the property on divorce shall not affect the property rights of either husband or wife, either may subsequently institute and prosecute a suit for divi- sion and distribution thereof, or with reference to any

other matter pertaining thereto, which could have been litigated in the original suit for divorce."

But prior to the enactment of this statute, and subsequent to the decision of that case, it was the declared law in this jurisdiction that "The marital status having ceased absolutely, no rights which accrued in or by virtue of such relations, and were not asserted in the proceedings for dissolution can be subsequently maintained." In other words, that a decree of divorce was res adjudicata as to all rights which were, or could have been litigated and determined in the divorce proceedings, and, as the parties in that proceeding could have litigated the question of property rights and a division thereof, the question could not thereafter be adjudicated in another independent action.

When Mary Brown bought this property from Jooseph Heindl, Barnett v. Barnett was a rule of property upon which she could rely for her title. If the opinion of a competent attorney had been sought by her, he evidently would have advised her that her title was good under the rule announced in that case. Can the appellant, then, knowing the law at the time she obtained her divorce to be as laid down in that case, come into this Court and ask that this rule of property be set aside in her favor and against a purchaser of that property, who relied upon Barnett v. Barnett?

"It must be a very strong case, indeed, and one where mistake and error had evidently been committed, to justify this Court, after the lapse of five years, in reversing its own decision; thereby destroying rights of property which may have been purchased and paid for in the meantime, upon the faith and confidence reposed in the judgment of this court." Goodtitle v. Kibbe, 9 How. 471.

Judicial decisions, affecting title to real estate presumptively acquired in reliance upon such decisions, should not be disturbed or departed from except for the most cogent reasons, certainly not because of doubts as to their soundness. If there should be a change, the legislature can make it, as the legislature in this jurisdiction did, with infinitely less derangement of titles than would follow a

new ruling of the Court, for the statutory regulations operate only in the future. Should we overturn the rule announced in the Barnett case, the result would be to open up the subject of property rights between husband and wife in every decree of divorce granted subsequent to the decision in that case and prior to the enactment of the statute of 1901, and cast a cloud upon the title of all real estate transferred by either the divorced husband or wife, the title to which was not adjusted in the decree.

In the case of Propeller Genesee Chief v. Fitzhugh, 12 How. 443, Mr. Justice Tenney, speaking for the Court, says:

"The case of Thomas Jefferson did not decide any question of property, or lay down any rule by which the right of property should be determined. If it had, we should have felt ourselves bound to follow it notwithstanding the opinion we have expressed. For every one would suppose that after the decisions of this Court, in a matter of that kind, he might safely enter into contracts, upon the faith that rights thus acquired would not be disturbed. In such a case, STARE DECISIS is the safe and established rule of judicial policy, and should always be adhered to."

The rule was stated in the following language by the Supreme Court of California, in the case of Smith v. McDonald, 42 Cal. 484,

"When a rule, by which the title to real property is to be determined, has become established by positite law or by deliberative judicial decision, its inherent correctness or incorrectness, its justice or injustice in the abstract, are of far less importance than that it should, itself be constant and invariable. We should not disturb such a rule of property here, even though we be satisfied that we could substitute another preferable in theory, or better calculated by its operation to promote the purpose of justice."

In the case of McVay's Admr. v. Ijams, 27 Ala. 238, the Alabama Court say:

"When, however, a rule of property has been adopted by judicial decision, and may reasonably be supposed to have entered into the business transactions of the coun-

Duncan v. Brown, 18 N. M. 579.

·try, it is our duty to adhere to it, lest we should overturn titles founded upon it. In such case, it is better to leave the corrective to the legislature."

For the reasons stated we decline to re-examine the grounds of the decision in Barnett v. Barnett, and without intimating any opinion as to the correctness or incorrectness of the conclusions attained, must adhere to it in this case on the principle of STARE DECISIS, if the point was involved in that case and presented to the court for determination.

In the Barnett case the parties were divorced in 1894, the decree being silent as to all property rights. During the marriage state a large amount of real estate had been acquired, deeds to which were taken in the husband's name. Two years after the decree was entered the wife instituted suit for partition or division of all the real and personal property standing in the name of or owned by her husband at the time the decree was entered and alleged to be community property, and acquired during the existence of the marriage relation. The trial court decided in favor of the wife and awarded partition of the property. Upon appeal several grounds of error were assigned, the fifth being, "The court committed error in holding that the decree divorcing appellant from the appellee was not a complete bar to any claim of property rights made under the bill of complaint filed in this case." Chief Justice Smith discusses and decides several questions, and then says:

"We realize that we might have foreborne the foregoing investigation, as we do not doubt that the plaintiff in error is impregnable in his defense of res adjudicata, but we have deemed it due to counsel to consider with care their respective contentions." The Chief Justice then proceeds to discuss the question raised by the fifth assignment of error, and holds that the property rights of the parties should have been litigated in the divorce proceeding, and that the decree therein entered was res adjudicata, not only as to all questions actually litigated, but as to all questions which could have been, but were not therein adjudicated. The larger part of the opinion is devoted to a

dicsussion of this question. It is true the Court also held, that under the civil law, the wife lost her matrimonial gains, when she had been guilty of adultery, but that it did so, does not militate against the effect of its decision on other points presented by the record and decided by the Court. Whenever a question fairly arises in the course of a trial, and there is a distinct decision of such question, the ruling of the Court in respect thereto cannot be called mere dictum. As was said by the Supreme Court of the United States, in the case of Union Pacific Co. v. Mason, City, etc., R. Co., 199 U. S. 160:

"Of course, where there are two grounds, upon either of which the judgment of the trial court can be rested, and the appellate court sustains both, the ruling on neither is OBITER, but each is the judgment of the Court and of equal validity with the other. Whenever a question fairly arises in the course of a trial, and there is a distinct decision of that question, the ruling of the court in respect thereto can, in no just sense, be called mere dictum. Railroad Companies v. Schutte, 103 U. S. 118, 26 Ed. 327, in which this Court said: 'It cannot be said that a case is not authority on one point because, although that point was properly presented and decided in the regular course of the consideration of the cause, something else was found in the end which disposed of the whole matter. Here the precise question was properly presented, fully argued and elaborately considered in the opinion. The decision on this question was as much a part of the judgment of the Court as was that on any other of the several matters on which the case as a whole depended.' "

The above excerpt is a complete answer to appellant's contention in this regard. The question was presented by the assignments of error, fully argued by counsel and decided by the court. It might as well be argued that what the court said as to the rights of a wife, condemned as an adulteress, in the property of the community was obiter, because the court also decided that the matter was res adjudicata.

Such being the case, it follows that the rule of STARE DECISIS applies to this case, and under the rule an-

Trust Co. v. Bank, 18 N. M. 589.

nounced in the case of Barnett v. Barnett, the case must be affirmed, and it is so ordered.