[No. 3034, Jan. 15, 1927]

BACA v. CHAVEZ

[252 Pac. 987]

SYLLABUS BY THE COURT

1. Execution of power of sale in mortgage is not barred by limitation barring suit or action on the debt or security.

2. A mortgagee's power of sale is coupled with an interest and is not revoked by death of mortgagor, following Cleveland v. Bateman, 21 N. M. 675, 158 P. 648, Ann. Cas. 1918E, 1011.

3. A distinct decision of a question fairly raised is not dictum, even though the decision might have been placed on other grounds.

4. ''Stare decisis'' applied to a decision establishing a rule of property.

5. A third party shown to have owned an undivided interest in real estate when it was mortgaged, and now owner of the whole, may not enjoin a sale, under power contained in the mortgage, on the sole ground' that the notice fails to exclude his interest, such interest not having been excluded in the mortgage; such notice not being so misleading or prejudicial that a sale under it would necessarily be void.

6. Power of sale construed as not requiring entry or demand for possession as condition precedent to giving notice of sale.

[1] 41CJ p. 944 n. 88. [2] 41CJ p. 927 n. 57. [3] 15CJ p. 952 n. 66. [4] 15CJ p. 947 n. 41. [5] 41CJ p. 952 n. 40. [6] 41CJ p. 945 n. 99; p. 946 n. 18.

Appeal from District Court, Santa Fe County; Holloman, Judge.

Suit by R. L. Baca against Miguel Chavez, to enjoin a sale under a mortgage. From a judgment dismissing certain counts, and giving only partial relief on the first, plaintiff appeals. Affirmed.

C. J. Roberts and E. P. Davies, both of Santa Fe, for appellant.

E. R. Wright, of Santa Fe, for appellee.

#### OPINION OF THE COURT

WATSON, J. Appellee, pursuant to a power of sale in a mortgage executed and delivered to him by apppellant's mother and predecessor in title, published notice of a sale of the mortgaged premises for the satisfaction of the debt—a note which the mortgage secured. Appellant sued to enjoin the sale. Demurrers to the second and third counts were sustained. Appellant declined to plead further, and judgment was entered dismissing those counts and granting but partial relief on the first. Such facts as are necessary to an understanding of the propositions considered will be stated as we proceed.

[1] The debt secured by the mortgage was barred by the statute of limitations. Code 1915, §§ 3346 and 3348. Appellant contends that it also barred execution of the power of sale. This question we consider first. Appellant admits that the weight of authority is against his contention. He cites no case sustaining his position. He seeks to maintain it by explaining some of the decisions as influenced by statutes and established principles not operative in this jurisdiction, ·and by reasoning which, though not without force, it is unnecessary to record here. Appellee cites Menzel v. Hinton, 132 N. C. 660, 44 S. E. 385, 95 Am. St. Rep. 647; House v. Carr, 185 N. Y. 453, 78 N. E. 171, and the notes following said case as reported 6 L. R. A. (N. S.) 510, 113 Am. St. Rep. 936, 7 Ann. Cas. 185; Moline

Plow Co. v. Webb, 141 U. S 616, 12 S. Ct. 100,.35 L. Ed. 879; 19 R. C. L. title ''Mortgages,'' §436; 27 Cyc. 1451-1463 (41 C. J. 944).

It is not our purpose to review these very interesting decisions. Our reading of them and others discloses that many cogent arguments, based upon equitable considerations, may be marshaled on both sides of the question. We think, however, that the point is to be determined by correct construction of our statute and the application of principles already established in this state. The controlling sections are as follows:

"Section 3346. The following suits or actions may be brought within the time hereinafter limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially provided."

"Section 3348. Those founded upon any bond, promissory note, bill of exchange or other contract in writing, or upon any judgment of any court not of record, within six years."

It strikes us at once that these sections place no limitations upon the exercise of a power of sale. The limitation is upon the bringing of suits or actions. Appellee was not resorting to a suit or action. He had provided himself by contract with another remedy for the enforcement of his security. Of this he was proceeding to avail himself. It may be admitted that the mortgage and the power of sale are but security dependent upon the debt, and discharged by whatever serves to discharge the debt. If the effect of the statute is to extinguish the debt, the power of sale has lost its vitality. But it has long been established here that the statute does not discharge the debt. It merely bars the remedy. Newhall v. Field, 13 N. M. 87, 79 P. 711, 12 Ann. Cas. 979; Joyce-Pruitt Co. v. Meadows, 27 N. M. 529, 203 P. 537. So we have an undischarged debt, but one upon which a remedy by suit or action is not to be had. Does it follow that the contract remedy of advertisement and sale is also barred? Nothing is urged as barring it except the statute, which, as we have seen, by its express terms bars nothing but suits or actions. If we give it effect upon

a power of sale, we must do it by construction—by reading something into it, and by attributing to the Legislature an intention which it did not express.

Fortunately, the trail has been blazed for correct construction of this statute. In Buss v. Kemp Lumber Co., 23 N. M. 567, 170 P. 54, L. R. A. 1918C, 1015, this court passed upon the contention that possession of the mortgaged property by a mortgagee would toll the statute. The proposition was supported by eminent authority and by strong reasoning. But this court held fast to what it deemed the correct application of the statute. The contention was for an implied exception to the running of the statute. It was determined that the Legislature had stated such exceptions as its wisdom dictated, and that it was not for this court to create others, however reasonable they might seem. The early tendency of courts to give inhospitable reception to limitation statutes was alluded to, and it was noted, with approval, that the habit of implying exceptions at every opportunity no longer prevails.

In the case at bar we are asked to read into the statute, not another exception, but another bar. We think the latter less permissible than the former. We approve the principles of Buss v. Kemp Lumber Co., supra. We are not hostile to the statute. We have no quarrrel with the policy it serves. But surely an arbitrary time limit upon actions is not a matter to receive unusual favor at the hands of equity. The denial of the aid of the courts to collect an unpaid debt is justifiable only on broad grounds of policy. It is for the Legislature to consider those grounds and to determine in what cases to apply the bar. If we enforce the statute "as it is written, without any arbitrary subtraction (from), or addition to its meaning," have we not done all that equity could be expected to do? Of course, we do not speak of laches, to which equity is always sensitive, but only of the mere lapse of time prescribed by statute as raising the bar. It is urged, not without reason, that the same policy served

by refusing the aid of the courts, after the debtor
has sat by for the statutory time, would be served by
barring execution of a power of sale. It is said,
also not without force, that the result we arrive at
serves in such a case as this to defeat the policy of the
statute. But these considerations are for the law-
makers. As for equity, laches, not arbitrary limita-
tion, is the principle it favors. It was once doubted
whether equity was controlled by limitation stat-
utes. That is now generally conceded. But limita-
tion is of legislative, not of equitable, origin. We en-
force it, as written, as a legislative policy. We cannot
be expected to extend by implication a policy not in its
nature equitable. So we overrule the present assign-
ment.

[2] 2. The mortgagor, appellant's predecessor in
title, died before appellee attempted to exercise the
power. Appellant contends that the power could not
survive her death. It is a well-known principle that
the death of the donor is, by operation of law, a re-
vocation of the power. The exception is that if the
power is one coupled with an interest, it survives.
The question is, therefore, whether the present power
is one coupled with an interest. In Cleveland v. Bate-
man, 21 N. M. 675, 158 P. 648, Ann. Cas. 1918E, 1011
this court answered that question in the affirmative.
If we are controlled by that decision, appellant's con-
tention cannot prevail. This he admits, and he bends
his efforts to establish, first, that the consideration
and decision of the question was unnecessary in that
case, and, second, that it was there wrongly decided
and should not be adhered to. Both of these conten-
tions must, in our judgment, be overruled upon the
authority of Duncan v. Brown, 18 N. M. 579, 139 P.
140.

[3] 3. Claiming that the point was not necessarily
involved in Cleveland v. Bateman, appellant contends
that in that case the mortgagors who gave the power
were husband and wife, and the property community
estate, the wife's interest in which passed, upon her

death, to the husband who was still alive.　This contention is based upon the refusal of this court to accept the finding of the trial court that the mortgaged property was the husband's separate estate.　That finding, it was said, would have been decisive of the question had it been supported by substantial evidence. It did not necessarily follow, however, that the property was community estate.　In any event, it was the ground upon which this carefully considered decision was based.　It was decisive, whatever the wife's estate may have been; and, unless her estate was a community interest, it was necessary to the decision.

[4] 4.　In view of the conclusion we reach, it would be as improper as it is unnecessary to pursue the inquiry which appellant's argument suggests, as to the soundness of the doctrine announced in Cleveland v. Bateman.　It is admittedly opposed by some authority. On the other hand, it is not without precedent.　The question is quite technical.　Its mere unsoundness, even if so considered, is not sufficient reason to overrule it.　It has been a rule of property in this state for ten years.　We must consider that attorneys have passed, and their clients have accepted, title in reliance upon it.　Litigation involving property rights has, no doubt, been determined by it.　A change in the rule, not merely prospective, might cast doubt upon many titles.　In such a case we are not at liberty to overturn a former decision of this court, even if convinced that it is unsound.　We must be governed by it.　In saying this, we intimate no doubt of the correctness of the decision.　We follow it without re-examination of the question.　Duncan v. Brown, supra; Bowers v. Brazell, 31 N. M. 316, 244 P. 893; 15 C. J. 947; 7 R. C. L. 1001.　Decisions cited by appellant to the contrary are not deemed in point

[5] 5.　The first count of the complaint sets forth that when the mortgage was made appellant was the owner of an undivided one-third interest in one of the parcels; but that, nevertheless, appellee had advertised and intended to sell the whole property.　The court

found that appellant did own such an undivided one-third interest, though the mortgagor had assumed to mortgage the whole. The sale of appellant's interest only was enjoined. He then contended, and now argues, that the notice, having misdescribed the interest to be sold, was void, and that the sale should have been enjoined entirely, pursuant to his prayer. Counsel agree that no precedent has been found. Appellant contends that it is established that a sale of a less quantity than advertised is void. So, by analogy, he urges, a sale of a less interest than that advertised would be void. He cites Fenner v. Tucker, 6 R. I. 551; Schoch v. Birdsall, 48 Minn. 441, 61 N. W. 382; People's Savings Bank v. Wunderlick, 178 Mass. 453, 59 N. E. 1040, 86 Am. St. Rep. 493.

We agree in general with the principles declared in the cases just cited. Equity should, no doubt, carefully guard powers of sale against abuse, in fraud or prejudice of the mortgagor. In the foregoing cases the result was based, or the principle declared, in view of actual or possible fraud upon, or prejudice to, the donor of the power. The only possible prejudice in this case is that the public was not informed that only a two-thirds undivided interest in the more valuable and improved parcel was to be sold, so that buyers who might desire to make such an investment might remain away, thinking that the whole was to be sold. The possibility of prejudice from this cause is so remote as, in our judgment, to furnish little practical basis for intervention. The theory of enjoining such a sale is that it would necessarily be void and serve only to becloud the title. None of the cited cases support that theory. They all arose after the event and were decided according to the circumstances. In Schoch v. Birdsall ,supra, the statute provided that the notice should contain a description "conforming substantially to that contained in the mortgage." The court said:

"The only question that can arise is whether there is such a variance as to influence bidders unfavorably."

It held that failure to exclude in the notice 25 feet of a 200-foot lot, which was excluded in the mortgage, was not to be held "upon the record alone to be misleading or prejudicial to any interested party." Admitting that a sale should be set aside on a showing of fraud, or a showing that the manner of advertising had actually or possibly worked prejudice to the owner, it does not follow that this sale should have been enjoined. We do not think that a sale held under the notice in question would be necessarily void. The court therefore properly refused to enjoin it.

[6] 6. The mortgage provided that, in case of default:

"He, the said party of the second part, or his agent, or legal representative shall be and hereby is authorized and empowered to enter upon and take possession of said * * * premises, and after having given notice of the time, place and manner of sale thereof * * * expose and sell at public auction."

Appellant contends that an entry by appellee, or at least a demand for possession, was, by this provision, made a condition precedent, to the exercise of the power of sale. As appellee had not entered or demanded possession, appellant contends that he was entitled to enjoin the advertised sale.

Appellant admits that the weight of authority is contrary to his contention. He urges that some of the decisions are to be explained because in the particular jurisdicition a different theory of mortgages prevails than in this state. As to other decisions, he urges that distinctions growing out of these different theories have been overlooked. The only reason advanced in support of appellant's position is that the power is one which must be strictly complied with, and that, by the language of the power in question, entry must precede sale. He cites but one case as being in point: Roarty v. Mitchell, 7 Gray (Mass.) 243. In that case power was given to "enter and take possession of said premises immediately, and * * * sell and dispose of the same * * *" The court made the bald statement:

"We think such entry and possession, or, what perhaps would be equivalent, a demand for possession, and refusal, were conditions precedent, without which no valid sale could be made under the power of sale in the deed."

That was a case, not to enjoin an advertised sale, but to recover possession for the purchaser after the sale. In the later case of Cranston v. Crane, 97 Mass. 459, 93 Am. Dec. 106, a power for the said grantee, "to enter into and upon the premises and sell and dispose of the same * * * such sale to be upon the premises granted, first giving notice of the time and place of sale," was construed as authorizing entry for the purpose of sale only. So it was not necessary that entry should precede the giving of notice, and an entry at the time and for the purposes of the sale was sufficient. In Foster v. Boston, 133 Mass. 143, both of the foregoing cases were cited. It was held in that case that the trustees under a trust mortgage could not proceed to sell until they had taken possession. The decision, however, is fully explained by the trust provisions of the instrument and the correlative rights and duties of the mortgagor and the trustees thereby created.

We conclude that these Massachusetts decisions do not support appellant's position. We find nothing in this power of sale, or in the contract relations of the parties, making it necessary for the mortgagee to enter or demand possession prior to publishing notice of sale. Jones on Mortgages (7th Ed.) § 1782.

As the judgment is consistent with these views, it will be affirmed and the cause remanded.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.