122 P.2d 134

### GRIFFITH v. HUMBLE et al.

No. 4675.

Supreme Court of New Mexico.

Feb. 7, 1942.

Frazier & Quantius, of Roswell, for appellant.

A. B. Carpenter, of Roswell, for appellees.

MABRY, Justice.

Appellant challenges the action of the trial court in sustaining appellee's demurrer to his complaint in foreclosure of a real estate mortgage. The court sustained the demurrer upon the ground that the statute of limitations had run against such action. The trial court appraised the pertinent statute upon which appellees rely (§ 83-101, 103 N.M.Comp.Laws 1929) as applying to the mortgage, upon the theory that it was a "contract in writing." The statute in question reads:

83-101. Limitations of Actions. "The following suits or actions may be brought within the time hereinafter limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially provided."

83-103. Notes—Written Instruments—Judgments of courts not of record. "Those founded upon any bond, promissory note, bill of exchange or other contract in writing, or upon any judgment of any court not of record, within six years."

Appellant devotes much time and cites considerable authority in support of his contention that personal liability on a debt can be barred by a statute of limitations without barring an action on the mortgage. Appellees fully agree with this general

proposition of law and the authorities relied upon, but contend that, in New Mexico, the same statute which by limitation bars an action on a note within six years, likewise bars an action on a "contract in writing", which, necessarily, includes the mortgage in question.

■ Appellant under his principal assignment of error, urges that a ten years statute of limitations controls in an action to foreclose this mortgage. Much of appellant's reasoning is founded upon his assumption and contention that this delinquent mortgage represents a certain interest in the land covered, which appellees likewise concede. He cites and relies upon Cleveland v. Bateman, 21 N.M. 675, 158 P. 648, Ann.Cas.1918A, 1011; and Baca v. Chavez, 32 N.M. 210, 252 P. 987. We can find nothing in either of these two cases to aid appellant's position. They have to do with the power of sale embraced in a mortgage or trust deed and are to the general effect that such power is based upon consideration and coupled with an equitable interest in the estate which would permit sale of such mortgaged property under the power, after death of the mortgagor. We know that under our statutes and our theory of a real estate mortgage only a special property interest vests in the mortgagee. American Mortgage Co. v. White, 34 N.M. 602, 287 P. 702; and that a mortgage passes no title, but is a mere lien. Stearns-Roger Mfg. Co. v. Aztec Gold Mining & Mill. Co., 14 N.M. 300, 93 P. 706; Cleveland v. Bateman, supra.

Appellant cites and relies upon § 83-122, N.M.Comp.Laws 1929, in support of his theory that a ten year statute of limitation applies in an action to foreclose a mortgage where one seeks possession and not a judgment on the debt. The statute relied upon reads: "No person * * * shall * * * sue * * * for any lands * * * against any one having adverse possession of the same * * * but within ten years next after his * * * right to commence * * * such suit * * * have * * * accrued, and all suits, either in law or equity, for the recovery of any lands * * * so held, shall be commenced within ten years next after the cause of action therefor has accrued: * * *."

He contends that the general statute of limitation (§ 83-103, supra) deals with instruments carrying a promise to pay money, and do not cover such a real estate mortgage; that the phrase "or other contract in writing" relates to and is in direct qualification of the descriptive words preceding such phrase; that the statute should be read as though such phrase should have read into it some such language as, "for the payment of money". He does not sue upon the note, appellant suggests, "but we state our contractual right to possession under the terms of the mortgage, and ask foreclosure to give us the possession."

■ Appellant's reasoning is faulty in two respects. In the first place, we cannot read language into a statute otherwise of

plain meaning and import; and in the second place, since right to possession can be urged only under the contractual relation established by the mortgage, clearly, then, if suit cannot, when the limitation is pleaded and relied upon, be brought and maintained upon the mortgage but "within six years", then it is clear that the demurrer was properly sustained.

When we hold the six year statute of limitation will apply to such mortgage as it does to any other "contract in writing", there is nothing to bring into the picture the ten year limitation statute (§ 83-122, supra) upon which appellant relies. Appellant cannot rely upon *possession* to establish his title, if, as he correctly concedes, he must first have foreclosure of the mortgage, a contract in writing, to obtain the necessary possession.

Appellant suggests that the question presented is one of first impression in this jurisdiction, and, strictly speaking, this may be said to be true. However, a helpful discussion of the question of the applicability of the six year statute of limitation as it applies to both note and mortgage, is found in Buss v. Kemp Lumber Co., 23 N.M. 567, 170 P. 54, L.R.A.1918C, 1015. In this case neither counsel nor court assumed that any other statute but § 83-103, supra, the six year statute of limitation, was applicable.

It would also appear that in Baca v. Chavez, supra, we likewise appraised the six year statute as applicable to a situation like the one here presented. We there held that it did not apply to a *power of sale* contained in a mortgage. "The limitation is upon the bringing of suits or actions" [32 N.M. 210, 252 P. 988] we said. This case weakens, rather than strengthens, appellant's position. In passing, it may be noted, the legislature of 1927 passed an act, now known as § 83-120, 121, N.M.Comp.Laws 1929, which, incidentally may be said to have created a limitation upon any method of foreclosure by denying the right of foreclosure through power of sale contained in the instrument "where an action or suit upon the indebtedness secured thereby is barred by the provisions of chapter 68 (83-101 to 83-127) New Mexico code of 1915."

We find the following rule stated in Wood on Limitations, 4th Ed. § 223: "The same rule prevails as to mortgaged debts as prevails in reference to other debts—that the statute simply defeats the remedy, but does not extinguish the debt; But, as there are distinct remedies upon the debt, and the mortgage given to secure it, and the nature of the remedies depends upon the character of the respective instruments, it would seem to follow that, in the absence of an express statute to the contrary *in those states where a distinction is made between simple contracts and instruments under seal,* the circumstance that the statute has run upon the one would not prevent or bar the remedy upon the other, upon which the statute has not run; and, as we have before seen, except where the statute expressly or by fair inference destroys the remedy upon the mortgage, at the same time that the remedy is destroyed

as to the deed, it may be enforced after the statute has run upon the deed, *unless the same statutory period is applicable to both.* Thus, in California, *no distinction exists between simple contracts and those under seal,* but the statute runs upon all contracts, obligations, etc., founded upon an instrument in writing, except a judgment or decree, etc., in four years; and as the courts do not regard a mortgage as a *conveyance* of real estate, they hold that when the debt is barred, the mortgage is also extinguished, because, being a mere incident to the debt, it cannot exist independently of its principal, which is the debt." (Emphasis ours.)

■ Nor is a distinction between sealed and unsealed instruments observed in New Mexico. "The distinction is abolished in this state by virtue of section 4761, Code 1915 [now Sec. 117-105 N.M.Comp.Laws 1929]". Merchants' National Bank v. Otero, 24 N.M. 598, 175 P. 781, 784.

In Bracklein v. Realty Ins. Co., 95 Utah 490, 80 P.2d 471, 472, the court held that a cause of action in foreclosure of mortgage and deficiency judgment against grantee of mortgaged premises who assumed the mortgage by a clause in the deed, was "founded on instruments in writing" within in the six year statute of limitation of that state.

■ One partial payment upon the indebtedness, absent some agreement or other controlling consideration, does not change the rule that the whole indebtedness accrues upon default of any payment under a mortgage such as this, without election on the part of the mortgage. See Buss v. Kemp Lumber Co., supra, followed in Altman v. Kilburn, 45 N.M. 453, 116 P.2d 812, on question of acceleration of indebtedness. There can be no doubt that more than six years had elapsed since foreclosure was available to the holder of the mortgage.

■ Counsel for appellant exhibits commendable enterprise in his search for authority; and he presents an able and thought-provoking, but not convincing, argument. But we cannot escape the conclusion that the instrument upon which appellant's right must rest is a "contract in writing" which comes within the provision of the six year statute of limitation.

We hold such statute to be applicable and the demurrer to have been properly sustained.

Other points, incidentally argued, become unimportant, since the whole of appellant's case must stand or fall upon our disposition of his contention with respect to the application of the six year statute.

Finding no error, the judgment is affirmed, and it is so ordered.

BRICE, C. J., ZINN, and BICKLEY, JJ., concur.

SADLER, J., did not participate.